IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| PREFERRED CONTRACTORS INSURANCE COMPANY RISK RETENTION GROUP, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>AMTRUST NORTH AMERICA, INC. and TECHNOLOGY INSURANCE COMPANY, INC.,<br><br>Defendants. | MC 16-10-BLG-SPW-TJC<br><br>(SDNY Case No. CV 15-7505)<br><br>**FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE** |

On October 24, 2016, Judge Watters entered an Order Denying Motion for Protective Order and to Quash Subpoena and Order to Show Cause (Doc. 16), ordering in pertinent part that Plaintiff Preferred Contractors Insurance Company Risk Retention Group, LLC ("PCIC") show cause as to why the Court should not grant Defendants Amtrust North America, Inc.'s and Technology Insurance Company, Inc.'s (collectively, "Amtrust") request for costs and fees incurred in defending this action. (Doc. 16 at 3; *see also* Doc. 6 at 13-15.)

PCIC filed its Response to Order to Show Cause (Doc. 17) ("Response") on November 7, 2016, and Amtrust filed its Reply Brief in Support of Application for Costs and Fees (Doc. 18) ("Reply") on November 14, 2016. This issue is now

1

fully briefed, and is suitable for disposition. For the reasons that follow, the Court recommends that Amtrust's request be denied.

I.  **Factual Background**[1]

The dispute underlying this case involves a collection dispute between Amtrust and other non-party entities, including "Pac Re." Amtrust secured an interim arbitration award against Pac Re and others in 2015, totalling approximately $7.8 million, plus interest. The Federal District Court for the Southern District of New York entered judgment on the award in favor of Amtrust in 2016, which judgment, according to Amtrust, remains unpaid.

In an effort to collect on the judgment against Pac Re, Amtrust commenced a veil-piercing action against another non-party entity. During discovery in that action, Amtrust received a copy of a document indicating that PCIC maintains an account containing reinsurance premiums it owes to Pac Re. Amtrust then deposed the President of PCIC, Philip Salvagio, who testified that PCIC maintains a "funds withheld" account at First Interstate Bank in Montana containing approximately $18 million to $25 million that it owes to Pac Re. (Doc. 6-5 at 11:1-3, 42:1-45:21.)

---

[1] The following facts are derived largely from the Decision and Order Granting Plaintiffs' Motion to Compel, issued by Chief District Judge Colleen McMahon, Southern District of New York. *Amtrust, et al. v. PCIC*, 16-mc-0340 (S.D. N.Y. Oct. 18, 2016 (Doc. 20)).

Salvagio could not recall the account number, or other specific details about the account during his deposition. (*Id*. at 14:17-15:15, 43:6-15.)

Amtrust followed up on the Salvagio deposition by serving PCIC with an Information Subpoena with a Restraining Notice (the "Subpoena") (Doc. 2-1) on September 8, 2016, requesting details about the funds withheld account, and attempting to restrain PCIC from transferring or otherwise depleting the account. As Judge McMahon explained, "[t]he Subpoena clearly identifies that it is related to" the judgment Amtrust secured in the New York litigation. *Amtrust*, 16-mc-0340 (S.D. N.Y. Oct. 18, 2016 (Doc. 20 at 3)).

Following service of the Subpoena, PCIC initiated the present action in this Court on September 13, 2016, by filing its Motion for Protective Order and to Quash Information Subpoena with Restraining Notice ("Motion to Quash") (Doc. 1). Not to be outdone, Amtrust initiated an action in the Southern District of New York on September 23, 2016, seeking to compel PCIC's compliance with the Subpoena. (*See* Docs. 6-7, 6-8.) Chief Judge McMahon ordered PCIC's compliance with the Subpoena in the New York action, and Judge Watters subsequently denied PCIC's Motion to Quash. (Doc. 16.)

Amtrust argued in its response to the Motion to Quash that PCIC should be sanctioned under 28 U.S.C. § 1927 for initiating this case (Doc. 6 at 13-15), and

3

the Court ordered PCIC to show cause why sanctions are not warranted here. (Doc. 16 at 2-3.) The Court now addresses that issue.

## II. Parties' Arguments

Amtrust's principal argument, first advanced in its response to PCIC's Motion to Quash, is that PCIC "unreasonably and vexatiously" "multiplied the proceedings" by filing the instant lawsuit while several other related lawsuits were already pending, including the matter from which the Subpoena originated. (Doc. 6 at 14.) Amtrust expands on this argument in its Reply, explaining that PCIC officers Salvagio, David Pike, and Carl Savoia, along with the various entities that comprise the "Judgment Debtors," have filed related lawsuits in multiple jurisdictions, which lawsuits, according to Amtrust, were filed in order to frustrate Amtrust's efforts to collect on the judgment issued in the Southern District of New York. (*See* Doc. 16 at 1.) Amtrust additionally complains that PCIC's filings in this case contain multiple misrepresentations of fact. (*See*, e.g., Doc. 18 at 4-5.)

PCIC's Response largely re-argues the substantive issues it raised in its original Motion to Quash (Docs. 1, 2), which issues were decided in Judge Watters' October 24, 2016 Order. (Doc. 16.) Pertinent to the instant inquiry, PCIC argues that Amtrust has mischaracterized the prior related Montana filings (Doc. 17 at 10-12); that PCIC is not a party to any of the related cases in New York, including the one from which the Subpoena originated (*Id*. at 12); and that

4

Amtrust failed to support its request for costs and fees under § 1927 with any legal authority. Ultimately, PCIC argues that, as a Montana entity, it has the right to seek protection in a Montana court when it is being asked to comply with a subpoena that it believes to be improper, and that seeking such protection is not a valid basis for sanctions. (*Id*. at 14.)

## III. Discussion

### A. Sanctions under 28 U.S.C. § 1927

Amtrust grounds its request for costs and fees in 28 U.S.C. § 1927,[2] which provides in full:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

"Sanctions pursuant to § 1927 must be supported by a finding of subjective bad faith." *Blixseth v. Yellowstone Mountain Club, LLC*, 796 F.3d 1004, 1007 (9th Cir. 2015). "Bad faith is present when an attorney knowingly or recklessly raises a frivolous argument or argues a meritorious claim for the purpose of harassing an opponent." *New Alaska Development Corp. v. Guetschow*, 869 F.2d 1298, 1306 (9th Cir. 1989); *see also Fink v. Gomez*, 239 F.3d 989, 991-994 (9th Cir. 2001).

---

[2] Amtrust's briefing refers to "18 U.S.C. § 1927." (*See*, e.g., Doc. 6 at 13.) There being no such statute, and Title 18 dealing as it does with criminal law, the Court assumes Amtrust intended to bring its request under 28 U.S.C. § 1927.

"Under 28 U.S.C. § 1927, if the Court finds that the entire proceedings were affected by counsel's unreasonable and vexatious conduct, all of the nonoffending party's costs, expenses, and attorneys' fees may be assessed as § 1927 sanctions. In the absence of such a finding, the Court may award only those costs, expenses, and attorney's fees directly attributable to the attorney to be sanctioned." *Cotterill v. City and County of San Francisco*, 2010 WL 1223146, *15 (N.D. Cal. March 10, 2010) (citing *U.S. v. Associated Convalescent Enterprises, Inc.*, 766 F.2d 1342 (9th Cir. 1985)).

Significant for purposes of the present case, sanctions under § 1927 focus on conduct which "multiplies the proceedings." While other circuits have held that an initial pleading can give rise to sanctions under § 1927 (*see*, e.g., *In re TCI, Ltd.*, 769 F.2d 441, 448 (7th Cir. 1985)), the Ninth Circuit has construed the statutory language strictly, determining that sanctions under § 1927 are not available for the initial filing of an action. As observed in *Matter of Yagman,* 796 F.2d 1165, 1187 (9th Cir. 1996), "[§] 1927 does not apply to initial pleadings, since it addresses only the multiplication of proceedings. It is only possible to multiply or prolong proceedings after the complaint is filed." The Ninth Circuit later emphasized this principle in *In re Keegan Management Co., Securities Litigation*, 78 F.3d 431, 435 (9th Cir. 1996) (quotations and citations omitted):

> Because the section authorizes sanctions only for the multiplication of proceedings, it applies only to unnecessary filings and tactics once a

6

lawsuit has begun. We have twice expressly held that § 1927 cannot be applied to an initial pleading. In case these prior holdings were insufficiently clear, we restate the rule here. The filing of a complaint may be sanctioned pursuant to Rule 11 or a court's inherent power, but it may not be sanctioned pursuant to § 1927.

Applying this requirement here, it appears § 1927 would not be an appropriate source for sanctions against PCIC. Because PCIC was not a party to the litigation from which the Subpoena originated, PCIC would have been required to either initiate an independent action in Montana or an independent action in the Southern District of New York in order to challenge the Subpoena. As previously noted, Amtrust subsequently initiated an independent proceeding in the Southern District of New York to enforce the Subpoena. *See* § I, *supra*. PCIC's Motion to Quash was its initial pleading which commenced this action. (*See* Doc. 1.). It did not duplicate or multiply any pending action. Consequently, under clear Ninth Circuit precedent, PCIC's initial pleading in this action cannot serve as the basis for sanctions under 28 U.S.C. § 1927.

It should also be noted that, to the extent Amtrust seeks sanctions against PCIC for the conduct of its officers, including Messrs. Salvagio, Pike, and Savoia, § 1927 does not apply. Since § 1927 only extends to "[a]ny attorney or other person admitted to conduct cases in any court," sanctions may only be imposed under that section against attorneys, and not parties. *See FTC v. Alaska Land Leasing, Inc.*, 799 F.2d 507, 508-510 (9th Cir. 1986).

Furthermore, even assuming *arguendo* that PCIC could be sanctioned under § 1927 for filing its Motion to Quash, Amtrust's request still should be denied because there is insufficient basis to conclude that PCIC's Motion was filed vexatiously, unreasonably, and in bad faith. Motions to quash subpoenas in federal courts are generally governed by Fed. R. Civ. P. 45(d)(3), which provides, in pertinent part, that "the court for the district where compliance is required" may quash or modify a subpoena. Amtrust sent the Subpoena to PCIC at 27 North 27th Street, Suite 1900, Billings, Montana 59101. The Subpoena commanded PCIC to answer certain questions in writing regarding an account maintained in Montana, and return those answers within seven (7) days to the office of Fisher Court Reporting at 2711 1st Avenue North, Billings, Montana 59101. (*See* Doc. 2-1.) In other words, Amtrust sent the Subpoena to a Montana entity at a Montana address, regarding an account maintained in Montana, and commanded the fruits of the Subpoena be returned to a different Montana address. It is at least arguable under those circumstances that a Montana court, such as this one, is "the court for the district where compliance is required," and is therefore a proper forum for a motion to quash the Subpoena. Accordingly, the Court cannot say that it was "vexatious" or "unreasonable" for PCIC to file its motion to quash in this Court.

Without question, there are viable arguments that Montana was not the proper forum for PCIC's Motion. The Subpoena was issued by the Southern

8

District of New York, which has held in the past that foreign non-parties' objections to subpoenas "are properly the subject of a Rule 45(c)(3) motion brought in the Court that issued the subpoenas." *International Brotherhood of Teamsters v. Eastern Conference of Teamsters, et al.*, 162 F.R.D. 25, 28 (S.D. N.Y. 1995). Additionally, as Amtrust argues in its response to the Motion to Quash (Doc. 6 at 8-9), the posture of the New York litigation may have dictated that the Subpoena was not governed by Rule 45 at all but rather by Rule 69, which governs the enforcement of judgments. The Court recognizes – and validated in its October 24, 2016, Order – the merit in these and other similar arguments.

Nevertheless, the mere fact that a party's claim fails in court is insufficient to justify sanctions under § 1927. As explained above, the Court must find that the attorney in question vexatiously and unreasonably multiplied the proceedings, coupled with a finding of subjective bad faith. For this reason, "[p]unishment under this statute [§ 1927] is sparingly applied, and except when the entire course of proceedings were unwarranted and should neither have been commenced nor persisted in, an award under 28 U.S.C. § 1927 may not shift the entire financial burden of an action's defense." *Gomez v. Reinke*, 2008 WL 3200794, *15 (D. Idaho Aug. 7, 2008) (citing *Meadowbriar Home for Children, Inc. v. Gunn*, 81 F.3d 521, 535 (5th Cir. 1996). PCIC's Motion to Quash, though ultimately

9

unsuccessful, was grounded in a facially plausible reading of Fed. R. Civ. P. 45(d)(3), and should not subject PCIC's attorneys to sanctions under § 1927.

For the foregoing reasons, the Court recommends that Amtrust's request for sanctions under 28 U.S.C. § 1927 be denied.

**B.      Factual Misrepresentations**

The Court turns now to Amtrust's claim that PCIC's pleadings contain factual misrepresentations.

Amtrust first takes issue with PCIC's representations in its briefs that it had no involvement in a deposition referenced in the Subpoena. The Subpoena requests certain information "[w]ith respect to the 'Funds Withheld Account'…about which Philip Salvagio testified at deposition on August 10, 2016." (Doc. 2-1 at Schedule A.) In its brief in support of its Motion to Quash, PCIC professed to have had no involvement in that deposition. Specifically, PCIC represented that "it was not present at the referenced deposition . . . did not provide any testimony at the deposition . . . and was not privy to the testimony developed at deposition." (Doc. 2 at 7-8.)

In its response to the Motion to Quash, however, Amtrust attached as an exhibit several excerpts from Salvagio's August 10, 2016, deposition, which appear to contradict the above statement from PCIC. (*See* Doc. 6-5.) First,

10

attorney Brian Bender, who was at the deposition "on behalf of defendants"[3] (Doc. 6-5 at 6:1-2), made a note early in the deposition regarding "the subpoena that was issued to PCIC" (*Id*. at 7:24-8:19.).  Salvagio then testified that he was PCIC's president and also sits on its board of directors (*Id.* at 11:1-18), and he acknowledged that he was "being produced as a witness for PCIC pursuant to subpoena." (*See* Doc. 6-5 at 7:12-14).  Considering this testimony, it is difficult to understand PCIC's alleged ignorance of a deposition that was provided by its president pursuant to a subpoena issued to PCIC.

Equally questionable is PCIC's claim that it was not able to make any objections at the deposition or prevent discovery about financial information.  It appears clear from the deposition transcript that counsel appearing with PCIC's president made numerous objections and instructions to the witness during the deposition, including directing the PCIC witness not to answer on grounds of attorney-client privilege (Doc. 6-5 at 24:11-25:11), and allowing the witness to testify regarding certain specified financial information.  (*Id.* at 45:15-21.)[4]

PCIC also complains that the Subpoena did not identify the subject bank account with sufficient specificity, pointing out that the Subpoena only identified

---

[3] PCIC was not a named defendant in the New York litigation.
[4] Objections and directions were interposed by attorney, Michael Martin, who also submitted an affidavit on PCIC's behalf in this action in support of its Motion to Quash, claiming to be Chief Legal Counsel for PCIC's Managing General Agent.  (Doc. 6-5 at 22:16-23:6 and 24:13-25:15; Doc. 3 at 2.)

11

the account as the "Funds Withheld Account," and referred to "a deposition held on August 10, 2016." However, it was PCIC's president who testified in the deposition that "the PCIC funds withheld account" is "the common term we use for" the account in question. (Doc. 6-5 43:18-20). Given that Salvagio, as PCIC's president, provided the information regarding the funds withheld account, PCIC's professed ignorance about the identity of the account is difficult to understand.

Finally, PCIC argues that there is insufficient basis to issue a subpoena to PCIC given that it is not a party to the New York litigation. (*See*, e.g., Doc. 2 at 14.) That may be a fair, if ultimately flawed, argument as far as it goes. But PCIC's actual briefing on the issue contains representations that "Amtrust has not established that any of PCIC's property is, in fact, owed to any of the parties to the New York litigation"; "Amtrust does not specify what debit is owed . . . by PCIC to any of the parties to the New York Litigation"; and "has [not] identified what alleged property is in PCIC's possession that is subject to the purported New York judgment." (Doc. 2 at 14.)

As Judge McMahon explained in the order compelling PCIC's compliance with the Subpoena, however, "it is undisputed that the funds [in the funds withheld account] are listed on PCIC's balance sheet as a liability owed to Pac Re." Amtrust indisputably had a judgment in hand against Pac Re. Given this, PCIC's stated ignorance as to the reason the funds withheld account may be a proper

12

subject of a subpoena is puzzling. It is possible, of course, that Amtrust ultimately will be unable to force PCIC to deliver money from the funds withheld account to it instead of to Pac Re, but that eventuality does not justify PCIC's indignation regarding the basis for the Subpoena. As Judge McMahon aptly put it, "[a]s PCIC does not contest that the funds in the Account would 'ordinarily' belong to Pac Re, there can be no dispute that Plaintiffs are permitted to conduct basic discovery over the Account." *Amtrust* 16-mc-0340 (S.D. N.Y. Oct. 18, 2016 (Doc. 20 at 8).

Nevertheless, 28 U.S.C. § 1927 is not the proper vehicle to address these potential misrepresentations in this case, and the Court therefore does not reach the conclusion that PCIC made material misrepresentations based on the limited record before it. While factual misrepresentations can be the basis for sanctions under 28 U.S.C. § 1927 (*see*, e.g., *Malhiot v. Southern Cal. Retail Clerks Union*, 735 F.2d 1133, 1138 (9th Cir. 1984)), that is only the case if the misrepresentations contribute to the delay or multiplication of the proceedings. *Scelta v. Delicatessen Support Services, Inc.*, 146 F.Supp.2d 1255, 1271 (M.D. Fla. 2001) (finding that although counsel undoubtedly made a misrepresentation to the court, "the misrepresentation by itself will not justify an award under § 1927 because it did not multiply the proceedings."). Any misrepresentations that may have appeared in PCIC's briefing cannot be said to have delayed or "multiplied the proceedings" because the substantive filings in this case consist of one fully briefed motion

13

(Docs. 1, 2, 6, 10), an order thereon (Doc. 16), and the instant Response and Reply as ordered by the Court. (Docs. 17, 18.) None of these documents, or any others, were triggered by any misrepresentation PCIC may have made, and the number of filings would not have been diminished absent any misrepresentation. Therefore, the representations discussed above do not change the Court's ultimate conclusion that Amtrust's request for sanctions under 28 U.S.C. § 1927 should be denied.

## IV. Conclusion

Based on the foregoing, IT IS RECOMMENDED that Amtrust's request for costs and attorneys' fees pursuant to 18 U.S.C. § 1927 be DENIED.

**NOW, THEREFORE, IT IS ORDERED** that the Clerk shall serve a copy of the Findings and Recommendation of United States Magistrate Judge upon the parties. The parties are advised that pursuant to 28 U.S.C. § 636, any objections to the findings and recommendations must be filed with the Clerk of Court and copies served on opposing counsel within fourteen (14) days after service hereof, or objection is waived.

**IT IS ORDERED**.

DATED this 24th day of May, 2017.

_____
TIMOTHY J. CAVAN
United States Magistrate Judge